Dear Dr. Antonio:
This opinion is in response to your question asking:
 On what date was each member of the State Tax Commission entitled to the increase in compensation provided by H.B. 841 and H.C.S.H.B. 77, 79th General Assembly, First Regular Session?'
The bills passed by the General Assembly to which you refer repealed Section 138.230, RSMo 1969, which had provided that the compensation to be paid to each member of the State Tax Commission was $8,000 per year; each of the bills to which you refer enacted a new Section 138.230 raising the compensation to be paid each State Tax Commissioner to $15,000 per annum. House Bill 841, by its own terms, took effect January 1, 1978. House Committee Substitute for House Bill 77 became effective September 28, 1977.
Pursuant to Section 138.190, RSMo 1978, the State Tax Commission is composed of three commissioners, appointed by the governor, who hold office for staggered six-year terms. You have informed us that the terms of the commissioners expired January 23, 1978, January 23, 1980, and January 23, 1982.
Article VII, Section 13, Missouri Constitution, provides:
 The compensation of state, county and municipal officers shall not be increased during the term of office; nor shall the term of any officer be extended.
Our initial inquiry must be whether the members of the State Tax Commission are state officers who fall within the provisions of Article VII, Section 13. In State ex rel. Webb v. Pigg,249 S.W.2d 435 (Mo. 1952), the Supreme Court established the test to determine whether a person is a state officer within the meaning of Article VII, Section 13.
 In order to be considered a "state officer" within the purpose and meaning of said constitutional provision, the official in question must have been delegated a portion of the sovereign power of government to be exercised for the benefit of the public and such delegation of sovereign power must be "substantial and independently exercised with some continuity and without control of a superior power other than the law." [citations omitted] Id. at 438.
It is clear from the provisions of Sections 138.380, 138.390
and 138.420, that the State Tax Commission possesses the power and authority to employ its own judgment and discretion in discharging the sovereign functions of the government, particularly with regard to the establishment of tax assessments as more fully set out in Chapter 138. In addition, Section 138.190 provides:
 The director of revenue shall have no supervision, authority or control over such actions or decisions of the state tax commission as relates to its duties prescribed by law. . . .
We believe that commissioners of the State Tax Commission are state officers within the meaning of Article VII, Section 13. We, therefore, conclude that since such commissioners come within the prohibition of Article VII, Section 13, no member of the commission is eligible to receive an increase in compensation until he undertakes a new term.
CONCLUSION
It is the opinion of this office that because of the provisions of Article VII, Section 13, Missouri Constitution, no member of the State Tax Commission was entitled to the increase in compensation provided for such members under House Bill 841 or House Committee Substitute for House Bill 77, 79th General Assembly, First Regular Session, until he assumed a new term of office.
Very truly yours,
 JOHN ASHCROFT Attorney General